**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
MONTE ROSENZWEIG and GOLD          :
STANDARD AGENCY, INC.,             :
on behalf of plaintiffs and the class :
members described below,           :
                                   :
                        Plaintiffs,      :
                                   :
                vs.                :
                                   :
RO GALLERY IMAGE MAKERS, INC.,     :
doing business as ROGALLERY.COM,   :
and JOHN DOES 1-10                 :
                                   :
                       Defendants.      :
---------------------------------------------------------x

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiffs Monte Rosenzweig and Gold Standard Agency Inc., bring this action to secure redress for the actions of defendants Ro Gallery Image Makers, Inc., doing business as RoGallery.com, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and New York General Business Law § 396-aa.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else.

## PARTIES

3. Plaintiff Gold Standard Agency, Inc., is a New York corporation with offices in New York. Plaintiff Monte Rosenzweig, its principal owner and officer, contracted for the telephone line the company uses to receive telephone facsimiles.

4. Defendant Ro Gallery Image Makers, Inc., is a New York corporation with principal address at 4715 36th Street, Long Island, New York 11101.

5. John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

7. Personal jurisdiction exists in that defendants:

   a. Have committed tortious acts in New York by causing the transmission of unlawful communications into the state.

   b. Have transacted business in new York.

   c. Are located in New York.

8. Venue in this District is proper for the same reason.

## FACTS

9. On March 28, 2018, plaintiffs received the unsolicited fax advertisement attached as <u>Exhibit A</u>.

10. Discovery may reveal the transmission of additional faxes as well.

11. Defendants are responsible for sending or causing the sending of the fax.

12. Defendants as the entity whose products or services were advertised in the fax, derived economic benefit from the sending of the fax.

13. Defendants either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

14. <u>Exhibit A</u> refers to a website registered to and used by defendants.

15. Plaintiffs had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

16. The fax does not contain an "opt out" notice that complies with 47 U.S.C. §227.

17. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

18. On information and belief, defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons in New York.

19. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines and devices must be left on and ready to receive the urgent communications authorized by their owners.

## **COUNT I – TCPA**

20. Plaintiffs incorporate ¶¶ 1-19.

21. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

22. The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

23. Plaintiffs and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

24. Plaintiffs and each class member is entitled to statutory damages.

25. Defendants violated the TCPA even if its actions were only negligent.

26. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

27. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendants Ro Gallery Image Makers, Inc., doing business as RoGallery.com, promoting its goods or services for sale (d) with respect to which defendants Ro Gallery Image Makers, Inc., doing

business as RoGallery.com did not have evidence of consent or an established business relationship prior to sending the fax.

28. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

29. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendant compiled or obtained its list of fax numbers; and

    c. Whether defendant thereby violated the TCPA.

30. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

31. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

33. Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* No. 07 C 2973, 2008 WL 2224892 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* No. 10 C 1315, 2010 WL 4074379 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* No. 08 C 3276, 2010 U.S.Dist. LEXIS 72902 (N.D.Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.,* No. 08-cv-4521, 2010 WL 744262 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* No. 4:12-CV-221 (CEJ), 2013 WL 275568 (E.D.Mo. Feb. 24, 2013).

34. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

### COUNT II – NEW YORK GENERAL BUSINESS LAW § 396-aa

35. Plaintiffs incorporate ¶¶ 1-19.

36. Defendants violated New York General Business Law § 396-aa, by sending unsolicited fax advertising to plaintiffs and others..

37. Plaintiffs and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

### CLASS ALLEGATIONS

38. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with New York fax numbers (b) who, on or after a date three years prior to the filing of this action, (CPLR §214) (c) were sent faxes by or on behalf of defendants Ro Gallery Image Makers, Inc., doing business as RoGallery.com, promoting its goods or services for sale (d) with respect to which defendants Ro Gallery Image Makers, Inc.,

doing business as RoGallery.com did not have evidence of consent or an established business relationship prior to sending the fax.

39. The class is so numerous that joinder of all members is impractical. Plaintiffs alleges on information and belief that there are more than 40 members of the class.

40. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

  a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements; and

  b. Whether defendants thereby violated New York General Business Law §396-aa.

41. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

42. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

43. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

44. Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

    a.    Statutory damages of $100 per fax;

    b.    Costs of suit;

    c.    Such other or further relief as the Court deems just and proper.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Adam J. Fishbein
735 Central Avenue
Woodmere, New York 11598
(516) 668-6945

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Adam J. Fishbein
735 Central Avenue
Woodmere, New York 11598
(516) 668-6945