FILED
CLERK

3:11 pm, Jul 26, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MONTE ROSENZWEIG AND GOLD STANDARD AGENCY, INC., on behalf of plaintiffs and the class members described below,

                Plaintiffs,

      -against-

RO GALLERY IMAGE MAKERS, INC., doing business as ROGALLERY.COM and JOHN DOES 1–10,

                Defendants.
----------------------------------------------------------X

MEMORANDUM OF DECISION & ORDER
18-cv-2736 (ADS)(SIL)

**APPEARANCES:**

**Edelman, Combs, Latturner & Goodwin, LLC**
*Attorneys for Plaintiffs*
20 S. Clark Street, Suite 1500
Chicago, IL 60603
      By:    Tiffany N. Hardy, Esq., of counsel.

**Adam J. Fishbein**
*Attorney for Plaintiffs*
735 Central Avenue
Woodmere, NY 11598
      By:    Adam J. Fishbein, Esq.

**Kevin Peter Connolly, Esq.**
*Co-Counsel for Defendant Ro Gallery Image Makers, Inc.*
401 Franklin Avenue, Suite 102B
Garden City, NY 11530
      By:    Kevin Peter Connolly, Esq.

**Altman & Company P.C.**
*Co-Counsel for Defendant Ro Gallery Image Makers, Inc.*
12 Gay Road, P.O. Box 781
East Hampton, NY 11937
      By:    Steven Altman, Esq., of counsel.

**SPATT, District Judge**:

On May 8, 2018, Plaintiffs Monte Rosenzweig and Gold Standard Agency, Inc.—of which Rosenzweig is the principal owner and officer—brought this putative class action against Defendant Ro Gallery Image Makers, Inc. ("Ro Gallery") and ten unknown individuals. The Plaintiffs alleged that Ro Galley sent an unsolicited advertisement to a telephone facsimile ("fax") machine, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; and § 396-aa of the New York General Business Law ("GBL").

Presently before the Court is a motion by Ro Gallery to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6), or, alternatively, upon the dismissal of the TCPA claim for failure to state a claim, to dismiss the GBL claim under FED. R. CIV. P. 12(b)(1), for lack of subject matter jurisdiction. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

**I.    BACKGROUND**

The Plaintiffs brought this TCPA and GBL action, alleging the following. They received an unsolicited fax advertisement. ECF 18-cv-2736 doc. 1 ("Compl.") at 2–3. The fax—annexed to the Complaint—provided Ro Gallery's phone number, street address, and email address. ECF 18-cv-2736 doc. 1-1. The fax also: (a) advertised Ro Gallery's products and services (artwork sales); (b) contained a website registered to and used by Ro Gallery; (c) benefitted Ro Gallery economically; and (d) lacked an opt-out notice pursuant to § 227. *Id.*; Compl. at 2–3. Ro Gallery sent the fax as part of a "mass broadcasting" of faxes. Compl. at 3. It had sent similar unsolicited fax advertisements to at least 40 other New York residents, and discovery could reveal the transmission of additional faxes. *Id.* at 2–3.

As to the John Doe Defendants, the Plaintiffs alleged that they were "natural or artificial persons that were involved in the sending of the [fax] advertisements." *Id.* at 2. The Plaintiffs did not further identify the John Doe Defendants, and no Defendant other than Ro Gallery appears in this action. In addition, the Plaintiffs did not describe the nature of Gold Standard Agency's business, specifically, the relevance of an art dealership to the business.

The Plaintiffs brought claims under § 227(b)(1)(C) of the TCPA, and § 396-aa of the GBL. *Id.* at 3–7. They made no separate allegations as to the GBL § 396-aa claim, and they only argued that Ro Galley violated the statute "by sending unsolicited fax advertising to plaintiffs and others." *Id.* at 7.

Ro Gallery now moves to dismiss the Complaint under Rules 12(b)(1) and (b)(6). ECF 18-cv-2736, doc. 9. It alleges in the motion and in an attached affidavit that it did not send the fax. *Id.*; ECF 18-cv-2736, docs. 9-1 at 6–10, 9-2. The Plaintiffs oppose the motion to dismiss, and argue that this Court should not consider the factual allegations about not sending the fax. ECF 18-cv-2736, doc. 12. Ro Gallery replied. ECF 18-cv-2736, doc. 13.

## II. DISCUSSION

### A. Legal Standards

Under FED. R. CIV. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) provides that dismissal is appropriate if the complaint "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face,' *Bell Atl. Corp. v. Towmbly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007), and 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' *Ashcroft v. Iqbal*, 556 U.S. 662,

3

678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009)." *Otis-Wisher v. Medtronic, Inc.*, 616 F. App'x 433, 434 (2d Cir. 2015) (Summary Order).

Although the Court must accept all allegations in the Complaint as true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Ultimately, the Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 1950.

### B. Materials Permitted for Review

In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). While a Court is generally prohibited from considering "materials outside the four corners of the complaint," *Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011), "federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion," *Giugliano v. FS2 Capital Partners, LLC*, No. 14-cv-7240, 2015 WL 5124796, at *7 (E.D.N.Y. Sept. 1, 2015) (Spatt, *J.*) (internal citation and quotation marks omitted).

The Court may consider:

(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

4

*Envtl. Servs. v. Recycle Green Servs.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, *J.*) (quoting *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S. Ct. 1503, 164 L.Ed.2d 179 (2006); *accord Healthnow New York, Inc. v. Catholic Health Sys., Inc.*, No. 14-cv-986S, 2015 WL 5673123 at *2 (W.D.N.Y. Sept. 25, 2015); *Oberstein v. SunPower Corp.*, No. 07-cv-1155, 2010 WL 1705868, at *3 (E.D.N.Y. Apr. 28, 2010).

There are two items for this Court's consideration: the fax at issue, which was attached to the Complaint, and the allegations that Ro Gallery did not send the fax, made in the motion to dismiss and in an attached affidavit. After reviewing the Complaint in conjunction with the attached fax, the Court finds first, that the Plaintiffs both relied on the fax in drafting the Complaint and incorporated it by reference. The Plaintiffs thus "'relie[d] heavily upon [the fax's] terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see Rechler v. United Van Lines LLC*, 2018 WL 6173440 at *3 (E.D.N.Y. Nov. 26, 2018) (Spatt, *J.*); *Johnson v. Levy* 812 F.Supp.2d 167, 177 (E.D.N.Y. 2011) (Spatt, *J.*) (considering letters because "they were incorporated by reference and [were] integral to the complaint").

Second, the Court will not consider the allegations raised in the motion to dismiss and in the attached affidavit. The Plaintiffs lacked knowledge of the allegations that Ro Gallery did not send the fax, because Ro Gallery did not make those allegations until it filed the motion to dismiss. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (noting that "a necessary prerequisite for" finding materials integral to the pleading "is that the 'plaintiff[] *rel[y]* on the terms and effect of [the] document in drafting the complaint . . .;

5

mere notice or possession is not enough'" (emphasis in original) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2012))); *Aiola v. Malverne Union Free Sch. Dist.*, 115 F. Supp. 3d 321, 342 (E.D.N.Y. 2015) (Spatt, *J.*) (observing that the plaintiff could not have relied on, or had knowledge of, a hearing report issued after the filing of the complaint).

In addition to the Plaintiffs lacking knowledge of the allegations, the allegations were not integral to the Complaint. In the Complaint, the Plaintiffs did not allege that Ro Gallery had not sent the fax; they pleaded the opposite. *See E. Materials Corp. v. Mitsubishi Plastics Composites Am., Inc.*, 2017 WL 4162309 (E.D.N.Y. Sept. 19, 2017) (Spatt, *J.*) (declining to consider terms and conditions to a contract where the plaintiffs "allege[d] no facts in the complaint that indicate that they agreed to the Terms and Conditions; they dispute[d] that the Terms and Conditions formed a basis for the contract-at-issue"). Accordingly, the Court will not consider those allegations.

C. **The Sufficiency of the Plaintiffs' Claims**

  a. **TCPA**

The TCPA was passed primarily because "[m]any consumers [were] outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372, 132 S. Ct. 740, 745, 181 L.Ed.2d 881 (2012) (second alteration added); *see Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 134 (E.D.N.Y. 2015) (Spatt, *J.*). Under the TCPA, an unsolicited advertisement includes "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(5).

The Plaintiffs bring a claim under § 227(b)(1)(C), Compl. at 3, which makes it unlawful for any person:

> to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient; (ii) the sender obtained the number of the telephone facsimile machine through (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution, except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before July 9, 2005; and (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D).

47 U.S.C. § 227(b)(1)(C) (hyphens omitted).

In their motion to dismiss, Ro Gallery argues that, as to Rule 12(b)(6), the Plaintiffs failed to state a TCPA claim because the Complaint did not allege that Ro Gallery itself sent the fax, and the Plaintiffs had failed to allege that an agent of Ro Gallery had sent the fax; thus, the Plaintiffs did not make an allegation of either direct or vicarious liability. ECF 18-cv-2736, doc. 9-1 at 6–10. As to Rule 12(b)(1), it argues that, upon dismissing the TCPA claim, there will be no subject matter jurisdiction to hear the GBL claim, because there will be no remaining federal questions; the parties lack diversity; and the Court should not exercise supplemental jurisdiction. *Id.* at 11–12. The Court disagrees.

Here, the Complaint, along with the attached fax, adequately pleads that the Plaintiffs received an unsolicited fax advertisement because it claims that the Plaintiffs received a fax promoting Ro Gallery's goods and services. The fax itself promotes Ro Gallery's products. It invites buyers to purchase individual pieces of artwork. It provides the company's contact information. Ro Gallery does not dispute that the fax promotes its product or provides such information. Further, of importance, the Complaint alleges that Ro Gallery sent the fax, despite Ro Gallery's arguments that the Plaintiffs failed to make such an allegation.

7

As to Ro Gallery's argument concerning agency, it correctly notes that the Plaintiffs did not allege that an agent sent the fax on Ro Gallery's behalf. While a party may demonstrate vicarious liability under the TCPA, *see Evensen v. Northeastern Asset Recovery, Inc.*, 2017 WL 2804937 at *3 (E.D.N.Y. June 27, 2017) (Spatt, *J.*), the Plaintiffs have sufficiently stated a claim for Ro Gallery's direct liability under the TCPA. Thus, the Rule 12(b)(6) motion is denied as to the TCPA claim. *See, e.g.*, *Jenkins v. Nat'l Grid USA*, 2017 WL 1208445 at *11 (E.D.N.Y. Mar. 31, 2017); *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 288 (S.D.N.Y. 2013) Further, because the Plaintiffs sufficiently state a claim under the TCPA, the Court also denies the request to dismiss the action under Rule 12(b)(1).

### b. GBL

Section 396-aa of the GBL serves as a parallel statute to the TCPA. *Gottleib v. Carnival Corp.*, 436 F.3d 335, 337 (2d Cir. 2006); *Ziegler v. Allied Commercial Roofing, Inc.*, 2014 WL 4437316 at *2 (E.D.N.Y. Sept. 9, 2014) ("New York's GBL largely tracks the TCPA"). Under § 396-aa, a party may not send unsolicited fax messages "promoting goods or services for purchase by the recipient of such messages." N.Y. GEN. BUS. LAW § 396-aa(1).

However, the receipt of an unsolicited fax advertisement, standing alone, does not state a GBL claim. A party must allege in a complaint that the advertiser seeks for *that party* to purchase its products. *See. Alloy*, 936 F. Supp. 2d at 284 ("Plaintiff does not assert that the schools or school administrators who receive the faxes are the targets of the sponsors' advertisements, or would be purchasing anything."). Where there "is no question" that the fax's recipient was the target of the faxing party's goods or services, a § 396-aa complaint survives a Rule 12(b)(6) motion. *See Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 251 F. Supp. 3d

8

724, 747 (S.D.N.Y. 2017) (fax to school district promoting a "writing evaluation program as a way to measure the progress of the school district").

Ro Gallery argues that the Court should dismiss the GBL claim under Rule 12(b)(6) because the Plaintiffs did not make any separate allegations under that statute. ECF 18-cv-2736, doc. 9-1 at 10. The Court agrees.

Here, the Complaint makes no allegations or arguments distinct from the TCPA claim and fails to allege that Gold Standard Agency was the target of Ro Gallery's advertisement. The Complaint does not describe the nature of Gold Standard Agency's business, giving this Court no basis to state with certainty that Ro Gallery's fax, promoting artwork, would be of any consequence to it. *See Alloy, Inc.*, 936 F. Supp. 2d at 284 ("Accordingly, because the faxes do not propose . . . a purchase of its sponsors' products by the recipient of the faxes, they do not violate the terms of Section 396-aa."). Thus, the Plaintiffs fail to state a GBL § 396-aa claim.

### III.  CONCLUSION

For the foregoing reasons, Ro Gallery's Motion to Dismiss pursuant to Rule 12(b)(6) is denied in part, as to the TCPA claim, and granted in part, as to the GBL claim. Because the Plaintiffs state a claim under the TCPA, the motion is also denied in part as to the request to dismiss the action under Rule 12(b)(1).

It is **SO ORDERED.**

_____/s/ Arthur D. Spatt_____        \_\_\_\_July 26, 2019\_\_\_\_
Arthur D. Spatt, U.S.D.J.                                       Date