UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MONTE ROSENZWEIG and GOLD
STANDARD AGENCY, INC., on behalf of
plaintiffs and the class members described
below,

       Plaintiffs,

   -against-

RO GALLERY IMAGE MAKERS, INC., doing
business as ROGALLERY.COM and JOHN
DOES 1-10,

       Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:18-cv-2736 (ADS) (SIL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 23 2020 ★
LONG ISLAND OFFICE

**APPEARANCES:**

**Adam J. Fishbein, P.C.**
*Attorney for the Plaintiffs*
735 Central Avenue
Woodmere, NY 11591

**Edelman, Combs, Latturner & Goodwin LLC**
*Attorneys for the Plaintiffs*
20 South Clark Street, Suite 1500
Chicago, IL 60603
  By: Julie Clark, Esq.
     Tiffany N. Hardy, Esq., Of Counsel.

**Mazzola Lindstrom LLP**
*Attorneys for Defendant Ro Gallery Image Makers, Inc.*
1350 Avenue of the Americas, Fl. 2
New York, NY 10019
  By: Jean-Claude Mazzola, Esq., Of Counsel.

**Altman & Company, P.C.**
*Attorneys for Defendant Ro Gallery Image Makers, Inc.*
12 Gay Road
East Hampton, NY 11937
  By: Steven Altman, Esq., Of Counsel.

1

**SPATT, District Judge:**

## I. BACKGROUND

On May 8, 2018, Plaintiffs Monte Rosenzweig ("Rosenzweig") and Gold Standard Agency, Inc. ("Gold Standard Agency," of which Rosenzweig is the principal owner and officer, and collectively, the "Plaintiffs") brought this putative class action against Ro Gallery Image Makers, Inc. ("Ro Gallery") and ten unnamed individuals (the "John Doe Defendants" and collectively, the "Defendants"). ECF 1. The John Doe Defendants have yet to appear in the action. The Plaintiffs alleged that Ro Gallery sent an unsolicited advertisement promoting artwork to a telephone facsimile ("fax") machine, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and § 396-aa of the New York General Business Law ("GBL"). ECF 1.

Ro Gallery moved to dismiss the complaint under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(1) and (b)(6). ECF 9. The Court granted that motion in part, as to the GBL claim, and denied the motion in part, as to the TCPA claim. *Rosenzweig v. Ro Gallery Image Makers, Inc.*, No. 18-CV-2736, 2019 WL 3388902, at *4 (E.D.N.Y. July 26, 2019). As to the GBL claim, the Court ruled that:

> the Complaint makes no allegations or arguments distinct from the TCPA claim and fails to allege that Gold Standard Agency was the target of Ro Gallery's advertisement. The Complaint does not describe the nature of Gold Standard Agency's business, giving this Court no basis to state with certainty that Ro Gallery's fax, promoting artwork, would be of any consequence to it. Thus, the Plaintiffs fail to state a GBL § 396-aa claim.

*Id.* (internal citation omitted).

The Plaintiffs now move to amend the complaint. ECF 20. They submit a proposed amended complaint ("PAC") along with their motion. ECF 21-1. The motion to amend is presently before the Court.

## II. DISCUSSION

### A. Legal Standard

FED. R. CIV. P. 15(a), which typically governs a motion to amend a complaint, states, in relevant part, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend. *See Milanese v. Rust-Oleum Corp*, 244 F.3d 104, 110 (2d Cir. 2011); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam); *Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir. 1998).

The decision on whether to grant a motion to amend rests within the sound discretion of the district court. *Aetna Cas. & Sr. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603–04 (2d Cir. 2005); *Hemphill*, 141 F.3d at 420. In choosing whether to grant leave to amend, prejudice to the opposing party is one of the "most important" issues to consider. *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (internal quotations omitted).

As to whether a proposed amendment is futile, a Court must determine whether it could withstand a Rule 12(b)(6) motion to dismiss. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inference in favor of the Plaintiff. *See, e.g., Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw*

3

*Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *E. Materials Corp v. Mitsubishi Plastics Composites Am., Inc.*, 307 F. Supp. 3d 52, 57 (E.D.N.Y. 2008) (Spatt, *J.*); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Excevarria v. Dr Pepper Snapple Grp., Inc.*, 764 F. App'x 108, 109 (2d Cir. 2019) (summary order). The Second Circuit has expounded that after *Twombly* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible clam for relief survives a motion to dismiss and [d]etermining whether a complaint state a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

**B. As to the Motion to Amend**

In the PAC, the Plaintiffs once again raise claims under the TCPA and GBL §§ 396-aa. ECF 21-1. The PAC provides a more in-depth description of Gold Standard Agency, that: (1) it is an insurance agency, through which Rosenzweig, an insurance agent, conducts his business; (2) it has a physical office location with five employees, where artwork may be displayed; (3) that the fax at issue promotes Ro Gallery's goods and services; and (4) that Ro Gallery sent the fax to companies that it believed would purchase artwork. *Id.* at 2–3, 8. The Plaintiffs also

4

allege that Ro Gallery sent the unsolicited fax to businesses and other persons that it believed would be interest in buying its products.

The Plaintiffs argue that the Court should grant them leave to amend pursuant to Rule 15(a)(2). ECF 21 at 2. They further claim that their motion to amend is neither futile nor prejudicial to Ro Gallery. *Id.* at 3.

In opposition, Defendant Ro Gallery argues that the Court should deny the motion as futile. ECF 26. It contends that the new allegations in the PAC do not address the Court's concerns as to the relevance of an art dealership to the Plaintiffs' business "in any further detail than the description contained in the operative complaint." *Id.* at 3–4. It further argues that the Court's previous ruling—that having an office space and receipt of a fax are insufficient to state a GBL § 396-aa claim—is the law of the case. *Id.* at 4. The Plaintiffs essentially reiterate their arguments in reply. ECF 27

The Court grants the Plaintiffs' Rule 15(a) motion to amend. The allegations in the PAC plead, although barely, a plausible GBL § 396-aa claim.

Section 396-aa provides that "it shall be unlawful for a person, corporation, partnership or association to initiate the unsolicited transmission of telefacsimile messages promoting goods or services for purchase by the recipient of such messages." N.Y. GEN. BUS. LAW § 396-aa(1). The statute further provides that "[t]his section shall not apply to telefacsimile messages sent to a recipient with whom the initiator has had a prior contractual business or business relationship." *Id.*

The parties do not dispute that Gold Standard Agency received an unsolicited fax promoting the sale of artwork. There is also no dispute as to the absence of a prior business relationship between the parties. The issue before the Court is whether the Plaintiffs have

5

pleaded sufficiently the relevance of an art dealership to Gold Standard Agency, so that a court could rule that the unsolicited fax promoted the artwork for purchase by Gold Standard Agency.

In contending that the new allegations in the PAC are futile, Ro Gallery implicitly asserts that by identifying oneself as an insurance company, a party still fails to show why a company that sells artwork would send it an advertisement promoting that work for purchase. A court has dismissed a GBL § 396-aa claim at the summary judgment stage because the Defendant sent the fax at issue—promoting a study abroad program to be purchased by students—to the school's guidance counselors. *See Bais Yaakov of Spring Valley v. Richmond, the Am. Int'l Univ. in London, Inc.*, No 13-CV-4564, 2014 WL 4626230, at *4 (S.D.N.Y. Sept. 16, 2014) (noting that the goods or services in the fax were not being marketed towards the fax's recipients); *see also Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272 (S.D.N.Y. 2013) (dismissing GBL § 396 claim where fax at issue advertised a free product).

Unlike the case in *Richmond*, the Defendants do not explain why an insurance company *would not* be the target of the fax promoting artwork. The Court observes that the Plaintiffs have concomitantly failed to plead why an insurance company *would* be the target of such a fax. In this vein, the Plaintiffs do not present as strong of a case as the plaintiff in *Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, where a school (a) received a fax promoting a writing education program that (b) contained language triumphing its use by "more than 1,500 districts nationwide." 251 F. Supp. 3d 724, 747–48 (S.D.N.Y. 2017).

In any event, the Court holds that a company promoting artwork would conceivably advertise its products to an insurance company, especially one with a physical office location that would have the space to display such artwork. While the advertisement and Gold Standard Agency do not share the direct product-to-entity relationship that the education program and the

school shared in *Educ. Testing Serv.*, there is at least a plausible scenario connecting the two, unlike the case in *Richmond*. Further, the Court at this stage in the litigation draws all inferences in the Plaintiff's favor. *See Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 298–99 (E.D.N.Y. 2012) (Spatt, *J.*). Applying this standard, the allegations in the PAC clear the Rule 12(b)(6) threshold necessary for granting a motion to amend.

In addition, the Court rules that the law of the case doctrine does not apply here, and thus, that it does not preclude granting the motion to amend. "The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case unless compelling reasons militate otherwise." *Hernandez v. Sessions*, 731 F. App'x 51, 55 (2d Cir. 2018) (summary order) (citing *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cr. 2009)).

Here, the Court, in dismissing the GBL § 396-aa claim from the original complaint, based that ruling on the absence of information fundamental to such a claim. *See Rosenzweig*, WL 3388902, at *4. The Court, until now, has yet to rule on that claim based on the allegation that Gold Standard Agency is an insurance company. Thus, it did not rule on that information previously. *See Care Envtl. Corp. v. M2 Techs., Inc.*, No. 05-CV-1600, 2006 WL 148913, at *8 n.9 (E.D.N.Y. Jan. 18, 2006) ("[T]he decision to grant a request to amend a complaint and the decision to deny a motion to dismiss are two different issues, and one cannot constitute law of the case for the other."). In addition, the Court did not deny the Plaintiff leave to amend, which further counsels against applying the law of the case doctrine to the Plaintiff's motion. *See also Knox v. Countrywide Bank*, No.13-CV-3789, 2015 WL 5254519, at *5 (E.D.N.Y. Jul. 29, 2015) (Locke, M.J.) ("Judge Bianco dismissed those claims and explicitly denied leave to amend, and

thus amendment is barred by the doctrine of law of the case."), *adopted by,* 2015 WL 52856738 (E.D.N.Y. Sept. 9, 2015), *aff'd,* 673 F. App'x 31 (2d Cir. 2016) (summary order).

### III. CONCLUSION

For the foregoing reasons, the Court grants the Plaintiff's motion to amend. The Plaintiff is directed to file an amended complaint consistent with this Decision and Order within 60 days of the date of this order.

It is **SO ORDERED.**


/s/ Arthur D. Spatt                                                                April 23, 2020

Arthur D. Spatt, U.S.D.J.                                                          Date